BARRY J. PORTMAN
Federal Public Defender
COLLEEN MARTIN
Assistant Federal Public Defender
555 12th St. – Suite 650
Oakland, CA 94607-3627
Tel. 510-637-3500

Counsel for Defendant SCOTT SWEEDEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-660 JSW |
|---|---|---|
| Plaintiff, | ) ) ) | STIPULATION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT, 18 U.S.C. § 3161 ET SEQ. |
| v. | ) ) | |
| SCOTT SWEEDEN, | ) ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED, by and between the parties to this action, that the time between April 22, 2008 and May 8, 2008 be excluded from the speedy trial clock pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(H)(1)(F),(8)(A) and (B)(iv).

The current status is that Mr. Sweeden is charged in a two-count indictment with violating 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2252(a)(4)(B). The charges in the indictment pertain to conduct alleged to have happened in the County of San Francisco. Although the case was originally filed in Oakland and assigned to the Honorable Saundra Brown Armstrong, venue properly lies in the San

Francisco Courthouse. Pursuant to the stipulation of the parties, the matter was transferred to this Court in accordance with Criminal Local Rule 18-2. The parties are scheduled to appear before the Honorable Jeffrey S. White on May 8, 2008, for status.

The exclusion of time is necessary for the adequate preparation of counsel. The government has provided some discovery, but counsel for the defendant has requested additional discovery. In addition, Mr. Sweeden was previously represented by Assistant Federal Public Defender John Paul Reichmuth. Mr. Reichmuth is on an extended leave, and new counsel in Oakland was recently assigned to the case. It is likely that another attorney in the San Francisco Federal Public Defender's Office will be assigned to the case in light of the transfer of venue. In order to adequately prepare, new counsel must become familiar with the case, and must review the discovery previously provided, as well as that which the defense has requested and not yet received.

The parties stipulate that the time from April 22, 2008, to May 8, 2008, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv) for adequate preparation of counsel.

DATED: April 22, 2008         /S/
                              _____
                              ANDREW S. HUANG
                              Assistant United States Attorney

DATED: April 22, 2008
                              /S/
                              _____
                              COLLEEN MARTIN
                              Assistant Federal Public Defender
                              Counsel for Jose Luis Ochoa-Gutierrez

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

## ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the time from April 22, 2008 to May 8, 2008, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv) for adequate preparation of counsel so that the government can provide additional discovery, new counsel can adequately prepare, and so that the parties can attempt to reach a settlement in this case. The Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy and public trial and the failure to grant the requested continuance would unreasonably deny counsel the reasonable time necessary for effective preparation, taking into account due diligence.

SO ORDERED.

DATED: April 23, 2008

_____
HONORABLE JEFFREY S. WHITE
United States District Judge